STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-09-268
TDW - CUM-10/6/2011

CHARLES V. SPIZUOCO, as Personal
Representative of the Estate of
James P. Spizuoco,

Plaintiff

v.

ORDER

NICHOLAS G. HANDANOS M.D.,
et al,

Defendants.

STATE OF MAINE
Cumberland, ss, Clerk's Office

OCT 06 2011

RECEIVED

Before the court is plaintiff's motion for summary judgment on count III of plaintiff's complaint. In their response defendants suggest that, pursuant to the last sentence of Rule 56(c), summary judgment should actually be entered against plaintiff on count III.

Count III alleges that unanimous panel findings from the Medical Malpractice Screening Panel were issued in favor of plaintiff on both a deviation from the standard of care and proximate cause. Count III further alleges that defendants have refused to negotiate, which plaintiffs contend requires defendants to admit liability.

The facts are undisputed. After the panel findings counsel for plaintiff made an inquiry as to whether defendants would make an offer to pay the claim. Counsel for defendants responded that plaintiff should make a demand for settlement. Plaintiff then made a settlement demand. In response, counsel for defendants suggested that the parties proceed to binding arbitration.

Count III of plaintiff's complaint is based on 24 M.R.S. § 2858(1), which provides in pertinent part as follows:

> If the unanimous findings of the panel . . . are in the affirmative, the person accused of professional negligence must promptly enter into negotiations to pay the claim or admit liability. If liability is admitted, the claim may be submitted to the panel, upon agreement of the claimant and person accused, for determination of damages. If suit is brought to enforce the claim, the findings of the panel are admissible . . . .

Plaintiff argues that because defendants have not offered to pay any sum of money, they have not entered into negotiations to pay the claim. As a result, plaintiff contends, defendants are required to admit liability.

Considering the Health Security Act as a whole, plaintiff's position is untenable. The requirement that a defendant enter into negotiations does not require a defendant to agree to any specific figure or make any specific concession.[1] The statute expressly contemplates that in certain cases no settlement will be reached and the plaintiff will then be able to offer the unanimous panel finding on the issue of liability at trial. See Perkins v. Keating, CV-95-151 (Superior Ct. Cumberland), order dated Mar. 24, 1997, 1997 Me. Super. LEXIS 102 (Saufley, J.).

Nor is there any requirement in the statute that some amount of compensation be offered. The logical implication of plaintiff's argument is that a $1.00 offer would satisfy the obligation to negotiate but a suggestion that the parties proceed to binding arbitration (perhaps because the defendant does not think plaintiff's demand is in the ballpark) does not satisfy that obligation. This makes very little sense.

---

[1] In this respect the court likens § 2858(1) to the requirement under federal labor law to bargain in good faith, which does not require a party to agree to a proposal or make a concession. 29 U.S.C. § 158(d). In contrast to federal labor law, moreover, 24 M.R.S. § 2858(1) does not include a good faith requirement.

2

The defendants' suggestion of binding arbitration was a counterproposal to the monetary demand made by plaintiff. Making a counterproposal constitutes negotiation. However unsatisfactory that counterproposal may be to plaintiff, the court cannot require more.

The entry shall be:

Plaintiff's motion for summary judgment on count III of the complaint is denied and summary judgment is entered for defendants on count III. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October __4__, 2011

Thomas D. Warren
Justice, Superior Court

JAMES P SPIZUOCO (ESTATE OF) VS NICHOLAS HANDANOS MD ET ALS
UTN:AOCSsr  -2009-0048635                          CASE #:PORSC-CV-2009-00268
--------------------------------------------------------------------------------
SEQ VP                                 REPRESENTATION TYPE        DATE

01 0000003412 ATTORNEY:BALS, LEE
ADDR:ONE CANAL PLAZA SUITE 600 PORTLAND ME 04101-4035
    F FOR:JAMES P SPIZUOCO (ESTATE OF)         PL          RTND   05/06/2009

02 0000001253 ATTORNEY:RAPAPORT, DANIEL
ADDR:ONE CITY CENTER PO BOX 9546 PORTLAND ME 04112-9546
    F FOR:MERCY HOSPITAL                       DEF         RTND   05/11/2009
    F FOR:NICHOLAS HANDANOS, MD                DEF         RTND   05/11/2009